896 F.Supp. 608 (1995)
Linda KERR, et al.
v.
SMITH PETROLEUM CO., et al.
Civ. A. No. 94-1711.
United States District Court, E.D. Louisiana.
August 21, 1995.
Charles W. Dittmer, Jr., Dittmer & Hartman, Metairie, LA, for plaintiffs.
Susan A. Daigle, Broussard, David & Daigle, Lafayette, LA, for Smith Petroleum Co., Inc.
Edward Settoon Johnson, Salvador Joseph Pusateri, Johnson, Johnson, Barrios & Yacoubian, New Orleans, LA, for Grasso Production Management, Inc.
Jon Daniel Picou, Richard E. Jussaume, Jr., Leininger, Larzelere & Picou, Metairie, LA, for K.E. Resources, Ltd.
Musa Rahman, Louisiana Workers' Compensation Corp., Baton Rouge, LA, for Louisiana Workers' Compensation Corp.

ORDER AND REASONS
JONES, District Judge.
Pending before the Court are cross-motions for summary judgment by defendants Smith Petroleum Company and Grasso Production Management, Inc., as to a cross-claim filed by Smith Petroleum Company. The motion was submitted on memoranda only without oral argument on a previous date. Having reviewed the memoranda of the parties, the record and the applicable law, the Court GRANTS in part the motion of Smith Petroleum Company and DENIES it in part. The Court also GRANTS the *609 motion of Grasso Production Management, Inc., in part and DENIES it in part. As a result, Smith Petroleum Company is entitled to recover from Grasso Production Management, Inc., the expenses it has incurred in defending plaintiffs' lawsuit.

Background
Plaintiffs filed this tort matter on May 23, 1994, seeking damages as a result of injuries plaintiff Jerry Kerr Sr. allegedly sustained on an offshore platform on the Outer Continental Shelf owned, operated and/or maintained by defendants Grasso Production Management, Inc. (hereinafter "Grasso Production" and/or Smith Petroleum Company) (hereinafter "Smith Petroleum"). (R.Doc. 1.)
Both Grasso Production and Smith Petroleum answered in July 1994 (R.Docs. 2 and 3), and shortly thereafter in September 1994 Smith Petroleum filed a cross-claim against Grasso Production, seeking tort indemnity and/or contribution as well as contractual indemnity. (R.Doc. 10.) Smith Petroleum also alleged that Grasso Production had agreed to name Smith Petroleum as an additional insured on policies which would provide defense and indemnity to Smith Petroleum. Id. If Grasso Production had failed to name Smith Petroleum as an additional insured, Grasso Production was liable to Smith Petroleum for any sums for which it may be held liable and for attorneys' fees and costs incurred in defending this lawsuit. Id.
Since the filing of these cross-motions, the Court has ruled that all defendants were entitled to summary judgment on plaintiffs' claims because the defendants were entitled to tort immunity as plaintiff Jerry Kerr's statutory employers. (R.Docs. 47, 66, 72, 77 and 78.) These decisions were based, in part, on the undisputed fact that, notwithstanding the plaintiffs' contention in their complaint that Jerry Kerr was injured on a platform located on the Outer Continental Shelf, he was working on a platform in Louisiana waters when he was allegedly injured.[1]
The only outstanding issue in this lawsuit is the instant cross-claim.
Grasso Production contends that it is entitled to summary judgment on the cross-claim because it is not liable for tort indemnity and/or contribution under Louisiana law because it is Jerry Kerr's statutory employer. As to the Smith Petroleum's claim of contractual indemnity, Grasso Production maintains that this claim is barred by the Louisiana Oilfield Indemnity Act, LSA-R.S. 9:2780.
Smith Petroleum submits that it is entitled to summary judgment on its claim for contractual indemnity because Texas law is applicable to the dispute and because, under Texas law, Smith Petroleum's claim is not barred by that state's Oilfield Anti-Indemnity Statute, Tex.Civ.Pract. & Rem.Code §§ 127.001-007. Smith Petroleum makes several alternative arguments. First, it contends that it is entitled to contractual indemnity under the Louisiana Oilfield Indemnity Act and/or under maritime law. Second, Smith Petroleum maintains that it is entitled to tort indemnity and/or contribution because Grasso Production waived its defense of statutory employer.

Law and Application

I. Summary Judgment
A party is entitled to summary judgment "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c).

II. Tort Indemnity and/or Contribution
Grasso Production's first argument is that it is entitled to summary judgment on Smith Petroleum's claims of tort indemnity and/or contribution because it is Jerry Kerr's statutory employer. The Court agrees, but not for the reasons advanced by Grasso Production. Instead, in view of the Court's other decisions granting summary judgment in favor of all defendants as to plaintiffs' claims, the only claim that Smith Petroleum can assert is for the expense Smith Petroleum has incurred in defending this lawsuit. See *610 Melancon v. Amoco Production Co., 834 F.2d 1238, 1247, modified on other grounds, 841 F.2d 572 (5th Cir.1988).
Therefore, because there is no genuine issue of material fact, Grasso Production is entitled to summary judgment as to the issues of tort indemnity and/or contribution sought in the cross-claim.[2]

III. Contractual Indemnity
As noted the parties argue that the determination of whether Smith Petroleum is entitled to contractual indemnity is dependent upon whether Louisiana or Texas law applies to this matter. Once again the Court's decision is influenced by its prior decisions on the liability of the defendants. In view of these rulings, the Court finds that Smith Petroleum is entitled to summary judgment on its claim of contractual indemnity under either state's laws.
Before explaining this decision, the Court first reviews the indemnity provisions at issue. In June 1993 Grasso Production entered into an agreement with Smith Petroleum and the other owners of oilfield operations in Main Pass Area, Block 25.[3] Pursuant to § 2.4.2 of the agreement, Grasso
agree[d] to protect, defend, indemnify, and hold [Smith] harmless from and against all claims, demands and causes of action of any and every type and character, to the cause or causes thereof which are related in any way to performance by [Grasso, its employees, agents, representatives, contractors, subcontractors and subrogees], excepting, however, all claims, demands and causes of action resulting from the sole negligence or willful acts or omissions of [Smith Petroleum, the other owners, their employees, agents, representatives, contractors, subcontractors and subrogees].
The agreement also provided under Appendix E, § 13.4 and its subparts, that various policies of insurance to be obtained by Grasso Production, including comprehensive general liability insurance, would name Smith Petroleum and the other owners and Grasso Production as additional assureds. The agreement further recited in § 13.4.6 the following:
No specification herein of any amount or amount of insurance shall be construed to limit in any manner [Grasso Production's] obligation to indemnify [Smith Petroleum, the other two owners, their] employees, agents, representatives and owners of the platform as provided in this Agreement.
Turning to the law of the two states at issue, the Court first holds that the Louisiana Oilfield Indemnity Act is inapplicable because of the prior grant of summary judgment in Smith Petroleum's favor because Smith Petroleum qualifies as plaintiff Jerry Kerr's statutory employer. Melancon v. Amoco Production Co., supra, is controlling on this point.
In Melancon, the court of appeals affirmed the trial court's finding that the plaintiff was a "borrowed employee" of Amoco under the Longshoremen's and Harbor Workers' Compensation Act, 33 U.S.C. § 905(a). Melancon, 834 F.2d at 1243-47. Having made this determination, the appeals court turned to the issue of whether Amoco was entitled to indemnification against Beraud Enterprises, Inc. Among the district court's rulings had been a determination that the Louisiana Oilfield Indemnity Act precluded Amoco's indemnity claims. Id. at 1243.
The court of appeals found, that although the issue of indemnity was controlled by the Louisiana Oilfield Indemnity Act, that statute did not invalidate the indemnity agreement because "[t]he allegations of the plaintiff's suit against the indemnitee are irrelevant to the indemnitor's obligation to pay. Rather it is the terms of the indemnity agreement which govern the obligations of the parties." Id., quoting Meloy v. Conoco, Inc., 817 F.2d *611 275, 280 (5th Cir.1987) (quoting Meloy v. Conoco, Inc., 504 So.2d 833, 839 (La.1987)).
In Melancon the Fifth Circuit found that there existed no holding that Amoco was negligent or at fault because the case never reached that issue because of the decision in favor of Amoco on the "borrowed employee" issue. Melancon, 834 F.2d at 1248. The court of appeals stated:
For that reason Amoco is entitled to indemnity from Beraud for the costs of its defense. [The] Amoco-Beraud contract so provides, and the Louisiana Oilfield Indemnity Act does not apply absent a finding of negligence or fault against Amoco.
Id.
For the same reason, the Court finds that the Louisiana Oilfield Indemnity Act is inapplicable here. There has been no holding that Smith Petroleum was negligent or at fault because plaintiffs' claim against Smith Petroleum is barred as a result of the determination that Smith Petroleum qualified as Jerry Kerr's statutory employer. Absent a finding of negligence or fault against Smith Petroleum, the Louisiana Oilfield Indemnity Act does not apply.
The conclusion is the same if Texas law were to be applied, although the reason is different. Under Texas law, where the additional insured provision of the agreement "does not support the indemnity agreement, but rather is a separate obligation," the additional insured provision is not barred by the Texas Oilfield Anti-Indemnity Act. Getty Oil Company v. Insurance Company of North America, 845 S.W.2d 794, 804 (Tex. 1992).
The Court finds that the language of § 13.4.6 of Appendix E of the agreement quoted above clearly shows that the "additional insured" requirement is separate and apart from any indemnity agreement. That provision specifically states that it "shall not be construed to limit" Grasso Production's obligation to indemnify Smith Petroleum as provided in the agreement. Hence, this provision is a separate obligation and "does not support the indemnity agreement." Getty Oil Company, 845 S.W.2d at 804.
In conclusion, if the agreement between Grasso Production and Smith Petroleum is construed under Louisiana law, Smith Petroleum is entitled to indemnity because the Louisiana Oilfield Indemnity Act is inapplicable. If the agreement is construed according to Texas law, Smith Petroleum is entitled to the status of an additional insured with Grasso Production under policies it was required to obtain. Therefore, because there are no genuine issues of material fact, Smith Petroleum is entitled to summary judgment on its cross-claim against Grasso Production for costs incurred in defending this matter.
Accordingly,
IT IS ORDERED that the motion for summary judgment filed by Grasso Production Management, Inc., as to the cross-claim of Smith Petroleum, Inc., is GRANTED in part and DENIED in part.
IT IS FURTHER ORDERED that the motion for summary judgment filed by Smith Petroleum, Inc., as to its cross-claim against Grasso Production Management, Inc., is GRANTED in part and DENIED in part.
New Orleans, Louisiana, this 18th day of August, 1995.
NOTES
[1] Plaintiffs conceded this point in making their argument on lack of jurisdiction in regard to Grasso's motion for summary judgment. See "Order and Reasons," June 13, 1995, p. 9, n. 6 (R.Doc. 66).
[2] For the same reasons set forth in the "Order and Reasons" denying plaintiffs' motion for reconsideration of the grant of summary judgment in Grasso Production's favor (R.Doc. 78), the Court rejects Smith Petroleum's contention that Grasso Production waived its right to claim the defense of statutory employer because it failed to raise this as an affirmative defense in its answer.
[3] A copy of this agreement is attached to Grasso Production's motion for summary judgment on the cross-claim. (R.Doc. 39.)